**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ADAM E.[1], | Case No. 2:24-cv-00509-CDS-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Before the Court is Plaintiff's Motion, which the Court liberally construes as a Motion to Extend Time to file an opening brief. ECF No. 24. Given the difficulties Plaintiff has encountered with the Court's electronic filing system, the Court finds good cause to grant the extension. The Court will also grant Plaintiff's request to return to nonelectronic service and filing. But the Court warns Plaintiff that, absent extenuating circumstances, this will be the Court's final extension for him to file his opening brief. Should Plaintiff fail to comply with this deadline—or any other portions of this Order—it may result in a recommendation that his case be dismissed.

**I.    BACKGROUND**

Plaintiff Adam E. filed a complaint against the Commissioner of Social Security on March 15, 2024. ECF No. 1. Court documents indicate that Plaintiff is pro se, *see, e.g.*, ECF No. 19, but all his filings have been prepared and signed by Aurora E. "on behalf of" Adam E. *See, e.g.*, ECF Nos. 1, 12, 13, 18, 19, 24. On April 30, 2024, the Court entered a scheduling order that required Plaintiff to file his opening brief within 30 days. ECF No. 9. Plaintiff requested an extension, and the Court gave him a deadline of June 27, 2024. ECF Nos.19, 22. The Court also instructed Plaintiff that although he is permitted to continue representing *himself* pro se, he may not be represented by a non-attorney, *i.e.*, Aurora E. ECF No. 22. Thus, the Court required Plaintiff to sign all documents himself moving forward. *Id.*

---

[1] In the interest of privacy, this opinion only uses the first name and last initial of the nongovernmental party and his spouse.

On June 26, 2024, the underlying Motion was filed, once again, by Aurora E., in defiance of the Court's prior order. ECF No. 24; *see id.* In the Motion, Plaintiff seeks the Court's guidance on (1) returning to nonelectronic service and filing, and (2) whether the Ninth Circuit's dismissal of Plaintiff's Notice of Appeal (ECF No. 23) dismissed this entire action. ECF No. 24 at 2. Aurora E. also asserts that because she is Plaintiff's "fiduciary," she is permitted to represent him pro se. *Id.* at 1–2.

**II.   ANALYSIS**

   **A.   Aurora E.'s Representation of Plaintiff**

Aurora E. contends that she can represent Plaintiff pro se because she is his "fiduciary." ECF No. 24 at 1–2. As support, she notes that a non-attorney parent can appear pro se on behalf of a child to appeal the denial of the child's Social Security benefits. *Id.* at 1 (citing *Representing Yourself Assistance*, U.S. DIST. COURT DIST. OF NEV., https://www.nvd.uscourts.gov/self-help/representing-yourself-assistance/ (last visited July 1, 2024)). She then cites to Rule 17(c)(1)(D),[2] which states that a fiduciary may sue on behalf of an incompetent person. *Id.* Documents attached to the Motion from Veterans Affairs indicate that Plaintiff was deemed "incompetent" for purposes of managing his VA payments and that Aurora E. was appointed as his fiduciary. *Id.* at 4–6. Thus, it appears that Aurora E. is making the inferential leap that because non-attorney parents can represent their children pro se in Social Security appeals, she, as Plaintiff's fiduciary, can do the same. *See id.* at 1–2.

Parties may only proceed in federal court either pro se, or through counsel. *See* 28 U.S.C. § 1654. "[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases). There is, however, a narrow exception that allows a parent to represent their *minor* child pro se in a Social Security appeal. *Machadio v. Apfel*, 276 F.3d 103, 107 (2d Cir. 2002). This allowance has not been extended to include adult children. *See, e.g.*, *Farina v. Comm'r of Soc. Sec.*, 670 F. App'x 756, 757–58 (3d Cir. 2016)

---

[2] Although Aurora E. cites Nevada Rule of Civil Procedure 17(c)(1)(D), the Nevada Rule mirrors its federal counterpart. *Compare* NEV. R. CIV. P. 17(c)(1)(D) *with* FED. R. CIV. P. 17(c)(1)(D).

(holding that father could not represent his 22-year-old daughter in SSI appeal); *Sabbia v. Comm'r of Soc. Sec.*, 669 F. Supp. 2d 914, 917 (N.D. Ill. 2009) (holding that pro se parent could not represent adult children in SSI appeals).

Section 406(a) of Title 42 allows non-attorneys to represent claimants in administrative proceedings before the Commissioner of Social Security. 42 U.S.C. § 406(a)(1). But the statute does not authorize the Commissioner to permit non-attorney representation of claimants in proceedings before the courts. *D'Young v. Comm'r, SSA*, No. 4:19-cv-00815-RWS-CAN, 2023 WL 2546489, at *3 (E.D. Tex. Jan. 3, 2023). So while a person may serve as a non-attorney representative in administrative Social Security proceedings, such representation "is of no moment because this case is no longer before the Social Security Administration, but is now before a federal court, which is a totally different legal forum." *Salter v. Astrue,* No. CIV.A. 08-00131-CG-B, 2008 WL 2262036, at *2 (S.D. Ala. May 29, 2008).

Here, the Administrative Record indicates that Aurora E. is not Plaintiff's parent, but rather, is his spouse. ECF No. 15-1[3] at 239, 404, 413, 417, 420, 422. The record also demonstrates that Plaintiff is an adult. *Id.* at 36. This case therefore does not fall within the narrow exception—parents representing minor children pro se in Social Security appeals—that Aurora E. relies on. And although Rule 17(c)(1)(D) may permit Aurora E. to *sue* on Plaintiff's behalf, it does not allow her to *represent* him. *N.S. v. Dobson*, No. 22-cv-40015-DHH, 2023 WL 8188772, at *2 (D. Mass. Jan. 26, 2023) ("Rule 17 cannot be read as authorizing the unlicensed practice of law."). So although Aurora E. was permitted to represent Plaintiff in the administrative proceedings, she cannot continue to do so in federal court. *Salter*, 2008 WL 2262036, at *2.

Thus, as this Court has already once advised, Plaintiff must either obtain counsel or represent *himself* pro se. *See* ECF No. 22. If Plaintiff chooses to proceed pro se, he must prepare his own pleadings and motions and sign each document in his own name. If Plaintiff does not

---

[3] ECF No. 15-1 refers to the Administrative Record in this matter which, due to COVID-19, was electronically filed. All citations to the Administrative Record will use the CM/ECF page numbers.

have the capacity to do so, he must associate counsel within 60 days. Failure to do so may result in a recommendation that this case be dismissed.

### B. Nonelectronic Service and Filing

Plaintiff's Motion also requested that he be permitted to return to nonelectronic service and filing because he has been experiencing difficulties accessing and navigating PACER. Though Plaintiff previously consented to electronic service and the Court granted his motion to file electronically, ECF Nos. 6, 18, 21, the Court will grant his request and direct the Clerks Office to return Plaintiff to service via mail.

### C. Extension of Time

Finally, though Plaintiff's Motion did not explicitly ask for an extension of time to file his opening brief, he expressed confusion regarding the effect of the Ninth Circuit's dismissal of his Notice of Appeal. ECF No. 24 at 2. He informed the Court that he did not understand whether his entire case was dismissed and, in turn, whether he was still able to file his opening brief. *Id.*

The Court clarifies that the Ninth Circuit did not dismiss Plaintiff's entire case, but simply dismissed his appeal because the order that he appealed was not a final decision. ECF No. 23. Thus, Plaintiff's case may proceed, and he must file an opening brief. *See* ECF No. 9. The Court will allow Plaintiff 60 days from the date of this Order to do so. Because Plaintiff's opening brief was originally due May 30, 2024, and this is not his first request for an extension, this will be the Court's *final* extension absent extenuating circumstances. Plaintiff is reminded, as the Court explained above, that this brief must either be prepared and signed by Plaintiff himself, or by a licensed attorney. Failure to meet this deadline or to comply with the Court's representation requirements may result in a recommendation that his case be dismissed.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Aurora E.'s request to represent Plaintiff Adam E. pro se is **DENIED**.

**IT IS FURTHER ORDERED** that if Plaintiff chooses to proceed pro se, he must prepare all pleading and motions and sign each document in his own name.

1 **IT IS FURTHER ORDERED** that if Plaintiff declines to proceed pro se, he must
2 associate counsel by **September 2, 2024**.

3 **IT IS FURTHER ORDERED** that Plaintiff's request to revert to nonelectronic service
4 and filing is **GRANTED**.

5 **IT IS FURTHER ORDERED** that the Clerk of Court is directed to remove Plaintiff's
6 email and electronic noticing from this case and return Plaintiff to receiving service by mail to his
7 physical address.

8 **IT IS FURTHER ORDERED** that Plaintiff's request to extend time to file his opening
9 brief is **GRANTED**.

10 **IT IS FURTHER ODERED** that Plaintiff has until **September 2, 2024** to file his
11 opening brief.

12 **IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail a copy of this
13 Order to Plaintiff at his physical mailing address.

15 DATED this 2nd day of July 2024.

17 BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE