UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Adam E., | Case No. 2:24-cv-00509-CDS-BNW |
| Plaintiff | **Order Adopting Magistrate Judge's Report and Recommendation, Granting Defendant's Motion to Remand** |
| v. | |
| Commissioner of Social Security, | [ECF Nos. 27, 29, 31, 39, 40, 41] |
| Defendant | |

Plaintiff Adam E. seeks judicial review of the administrative law judge's (ALJ) decision not to reopen his application for disability benefits. Defendant Commissioner of Social Security ("the Commissioner") moves to remand this matter to a new administrative law judge for review and decision. Mot. to remand, ECF No. 29. United States Magistrate Judge Brenda Weksler thoroughly canvassed the plaintiff's allegations, the facts and procedural history, and the administrative record, and issued a report and recommendation (R&R) that I grant the Commissioner's motion to remand. R&R, ECF No. 40. The R&R also recommends that I deny plaintiff's opening brief requesting damages (ECF No. 27); and deny as moot plaintiff's motion in response to minute order (ECF No. 31) and motion to dismiss the Commissioner's opening brief (ECF No. 39). For the reasons herein, I strike the objection and adopt the R&R in its entirety.[1]

I.  **Standard of Review**

A district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party objects to a report and recommendation, the court "shall make a de novo determination of those portions of the report which objection is made." *Id.*; *see also* Local Rule IB 3-2(a). However, if no objections are filed, the district court need not conduct a de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

---

[1] Further direction is provided at the end of this order. *Also see* R&R (ECF No. 40) for more details.

## II.  Discussion

I incorporate by reference the relevant facts and procedural background provided in the R&R. ECF No. 40. Plaintiff's wife filed an objection to the R&R (ECF No. 41), and the Commissioner responded (ECF No. 43). The objection is made by the plaintiff's wife, Aurora. A non-attorney may represent themselves in court, but there is no rule that permits a non-attorney to represent any other person in court. *See* 28 U.S.C. § 1654 (providing that pro se litigants have the right to plead and conduct their own cases <u>personally</u>) (emphasis added); *Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (noting that "a non-attorney may appear only in her own behalf"); *Guerin v. Guerin*, 993 P.2d 1256, 1258 (Nev. 2000) (holding that "[a]lthough an individual is entitled to represent himself or herself in the district court, . . . no rule or statute permits a non-attorney to represent any other person, a company, a trust, or any other entity in the district courts or in this court."). Although the plaintiff's wife argues that she is "also complaining about her erroneously denied benefits," ECF No. 41 at 2, she is not a proper party to this action, she is not an attorney, nor is she authorized to practice law in Nevada. I therefore strike the objection and accept the R&R's findings and recommendations in full.

## III.  Conclusion

IT IS HEREBY ORDERED that the magistrate judge's report and recommendation [ECF No. 40] is ADOPTED in its entirety, therefore the Commissioner's motion to remand [ECF No. 29] is GRANTED.

IT IS FURTHER ORDERED that plaintiff's opening brief requesting damages [ECF No. 27] is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion in response to the Court's minute order and motion to dismiss the Commissioner's opening brief [ECF Nos. 31, 39] are DENIED as moot.

IT IS FURTHER ORDERED that the objection [ECF No. 41] is STRICKEN.

The Clerk of Court is instructed to REMAND this matter to the Social Security Administration for assignment to an ALJ to determine whether plaintiff's mental impairments prevented him from exercising his right to seek review on his prior applications. The ALJ must consider—(1) inability to read or write, (2) lack of facility with the English language, (3) limited education, and (4) any mental or physical condition which limits the claimant's ability to do things for himself—and explain how SSR 91-5p does or does not apply to reopening plaintiff's prior applications. A supplemental hearing or further development of the record may be beneficial to the final determination. *See* SSR 91-5p ("If the claimant is unrepresented and [is unable read or write, has a lack of facility with the English language, has a limited education, or has a mental or physical condition that limits his ability to do things for himself], the adjudicator will assist the claimant in obtaining any relevant evidence.").

The Clerk of Court is also kindly directed to enter judgment in favor of plaintiff, and to close this case.

Dated: February 4, 2025

_____
Cristina D. Silva
United States District Judge